UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LUIS HERNANDEZ ORTEGA, | § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-336 |
| | § § | |
| WILLIAM STEPHENS, | § § § | |
| Respondent. | § | |

## OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, a prisoner incarcerated in Pecos, Texas, has filed a petition docketed by the Clerk as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 (D.E. 1). His unsigned petition is set forth in its entirety here:

> I was taken in to custody by Immigration Official on 3-05-90 pursuant to 8 U.S.C. 1226(c) pending my removal. The removability charge was based on my Case No. 95,791 95,790, 95, 990 on 1-09-89 conviction for a controlled substance offense. I had been sentenced to 8 years provation [sic] for the crime and thus never incarcerated for it.
> The Government manitened [sic] that I was subject to mandatory detention because of the nature of the 1-09-89 offence [sic] I argue that I was not subject to mandatory detention and I was entitled to a bond hearing because the government did no [sic] took me in custody immediately upon my release from custody for the triggering offence [sic]. I was not subject to mandatory detention pending removal without a bond hearing because I do not [sic] was taken into custody by Immigration Official immediately upon my release from custody for the triggering offence [sic].

(D.E. 1). It is difficult to discern Petitioner's claim or claims. He could be (1) challenging the order removing him from the United States; (2) making other

1 / 3

constitutional challenges related to the removal proceedings; (3) challenging the failure to set a bond pending deportation proceedings; (4) challenging the District Court's failure to grant him a pretrial bond in his Corpus Christi criminal case, C-11-257, *United States v. Luis Hernandez Ortega*; or (5) challenging the sufficiency of the evidence (the removal order) used to convict him in the criminal case. As to the fourth and fifth issues, Petitioner's pleading has been filed as part of a request for § 2255 relief in the criminal case, and a ruling in that case will be issued by the Hon. Hayden Head. As to Petitioner's other claims, relief is not available.

To the extent Petitioner is requesting judicial review of an order of removal, this court does not have jurisdiction. The exclusive means of review of an order of removal is a petition filed in the Fifth Circuit Court of Appeals. 8 U.S.C. § 1252(a)(5). To the extent Petitioner is making a constitutional challenge to the order of removal or the removal proceedings, review is also by petition filed in the Fifth Circuit Court of Appeals. 8 U.S.C. § 1252(a)(2)(D).

Moreover, this court does not have jurisdiction over any other claim that Petitioner may be trying to raise by § 2241 petition because he is not incarcerated here. *Lee v. Wetzel*, 244 F.3d 370, 373 n. 3 (5th Cir. 2001). Any such petition must be filed in the district of his incarceration which is in the Pecos Division of the Western District of Texas. *Id.*

All claims raised by Petitioner are dismissed without prejudice so that Petitioner may raise such claims before the appropriate court.

SIGNED and ENTERED this 21st day of October, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE